[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MODIFICATION OF VISITATION
This court, following a full evidentiary hearing with testimony of the parties and investigation by Family Relations, denied defendant's motion to restrain plaintiff from moving the parties' children to Florida. The matter was continued to Wednesday, June 17, 1992 for consideration of the instant motion. Having heard the parties, this court takes judicial notice of all prior testimony, argument, and the reports and recommendations of Family Relations and ORDERS:
That the judgment be, and is, modified as follows:
1. The defendant, Wanda Phillips, shall have summer visitation with the minor children from August 16, 1992 to August 30, 1992. The cost of the round trip tickets for the two children shall be borne equally by CT Page 9018 the parties and plaintiff, upon timely receipt from the defendant of one-half the round-trip ticket costs, shall purchase two round trip tickets for the minor children and he shall notify defendant of all the arrival and departure dates and times. Defendant is ordered to return the children, via the purchased tickets, on August 30, 1992. During all summer visitation the children shall stay with the defendant, but shall stay with either the family of the plaintiff or the parents of the defendant, while the defendant is working.
2. Commencing with 1993 and successive years, the defendant wife shall have visitation during the first three weeks of August. The procedures and restrictions directed in paragraph 1 above shall be followed, and the children shall be promptly returned by the defendant upon completion of the said three weeks of visitation.
3. The plaintiff is ordered at his sole expense, each year, to transport the children to Connecticut during the children's Christmas vacation from school. Plaintiff shall cause the children to arrive in Connecticut at the defendant's home, no later than December 23rd of each year, and they shall remain in Connecticut until noon on December 27th at which time defendant will promptly return them to the plaintiff. Suitable accommodations shall be provided by the defendant. During this period of Christmas vacation, the plaintiff shall however have the children for the 24 hour period from 10:00 a.m. each December 24th to 10:00 a.m. on December 25th.
4. The defendant is granted the right to have the children for purposes of spring visitation during the children's spring vacation from school. Plaintiff shall provide defendant with timely information as to the dates thereof.
The manner of paying shall be the same as in paragraph 1 herein. Defendant shall insure that the children are returned promptly to Florida so their schooling is not interfered with.
5. The plaintiff is ordered to cause the children to call the defendant each Wednesday at 7:00 p.m. The cost of such calls shall be borne solely by the plaintiff. The plaintiff shall give the phone number of school and home with addresses to the defendant.
6. At all times that the children are visiting with the defendant in Connecticut, defendant shall keep plaintiff advised as to the address and location of the children and shall provide an accurate phone number for the plaintiff to contact the children and speak with them.
CT Page 9019 7. Both parties are ordered to cooperate with one another in the implementation of these orders and both parties are again directed to make no derogatory comments about the other party in the children's presence. Both parties are ordered not to discuss visitation or custody issues with the children except as necessary to facilitate the purpose and intent of these orders.
8. In good faith, the parties shall cooperate with an additional winter vacation if requested by the defendant and the air travel paid exclusively by the defendant.
GILL, J.